**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-01454-CMA-KMT

WILD HORSE RECEIVABLES, LLC,

    Plaintiff,

v.

RAY MAROSI,

    Defendant/Third-Party Plaintiff,

DAVID MICHAEL,

    Third-Party Defendant.

---

## ORDER TO REMAND

---

This matter is before the Court on review of the Notice of Removal (Doc. # 1), filed by Third-Party Defendant David Michael on June 21, 2010.

### PROCEDURAL HISTORY

Wild Horse initially filed this case on October 12, 2009, in the County Court in Douglas County, Colorado. The Complaint contained no federal claims. (Doc. # 11.) On October 30, 2009, Defendant Marosi filed an Answer. (Doc. # 13-7.) On April 9, 2010, Marosi filed an Amended Answer and Counterclaim alleging a violation of the FDCPA, 15 U.S.C. § 1692. (Doc. # 1-2.)

## REMOVAL BY THIRD-PARTY DEFENDANT

Title 28 U.S.C. § 1441 authorizes the removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court. § 1441(a). However, "[i]t is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10th Cir. 2005)(citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941), and *United States ex rel. King v. Hillcrest Health Ctr.*, 264 F.3d 1271, 1280 (10th Cir.2001)). "All doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

> Section 1441 provides:
>
> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

The Tenth Circuit Court of Appeals has not addressed the question of whether a third-party or counterclaim defendant may remove a case, probably due to the statutory limit on appellate review of decisions to remand found in 28 U.S.C. § 1447(d).

However, district courts in this Circuit have routinely remanded cases removed by third-party defendants.  *See, e.g.*, *Oklahoma v. 1983 Porsche*, No. 08-cv-0528-CVE-FHM, 2008 WL 4570315, at *4 (N.D. Okla. Oct. 10, 2008) ("[A] third-party defendant may not remove a case to federal court based solely on a federal question claim alleged in a third-party complaint."); *Stillwater Nat. Bank and Trust Co. v. Perryman Family Revocable Trust Dated November 1, 1997*, No. 06-cv-0584-CVE-SAJ, 2006 WL 3716894, at *1 (N.D. Okla. Dec. 14, 2006) ("[I]t is well-settled that a third-party defendant can never remove a diversity claim under § 1441(c)."); *NCO Financial Systems, Inc. v. Yari*, 422 F. Supp. 1237, 1240 (D. Colo. 2006) ("[T]hird party removal is impermissible under 28 U.S.C. § 1441(c)."); *Menninger Clinic Inc. v. Schilly*, No. 92-4104-DES, 1992 WL 373927, at *2 (D. Kan. Nov. 23, 1992) ("third-party claims are not removable"); *Radio Shack Franchise Dep't v. Williams*, 804 F. Supp. 151, 153 (D. Colo. 1992) ("[A] third-party or counterclaim defendant may not remove [a] case."); *Elkhart Co-op Equity Exch. v. Day*, 716 F. Supp. 1384, 1387 (D. Kan.1989) (same).

In light of the presumption against removal jurisdiction, *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995), and because removal statutes are to be narrowly construed, *Pritchett*, 404 F.3d at 1235, this court is not inclined to take a position inconsistent with Tenth Circuit precedent.  The court finds removal by a third-party counterclaim defendant is improper.  As such, it is

ORDERED that this matter be REMANDED in its entirety to the County Court for Douglas County, Colorado.

DATED: November  05 , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge